BEFORE THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **PAMELA D. FERRILL**<br>3809 Mammoth Trail<br>Madison WI 53719<br><br>  Plaintiff,<br><br>v.<br><br>**OAK CREEK-FRANKLIN JOINT SCHOOL DISTRICT**<br>7630 S. 10TH St.<br>Oak Creek, Wisconsin 53154; and<br><br>**OAK CREEK-FRANKLIN JOINT SCHOOL DISTRICT BOARD OF EDUCATION**<br>7630 S. 10th Street<br>Oak Creek, Wisconsin 53154<br><br>  Defendants. | Case No.:<br><br><br>JURY DEMAND |

## COMPLAINT

NOW COMES Plaintiff, Pamela D. Ferrill, by her attorneys, Hawks Quindel, S.C., through Nicholas E. Fairweather and Colin B. Good, and hereby states the following as her Complaint in the above-captioned matter:

### I. NATURE OF PROCEEDINGS

1. This civil action is brought pursuant to § 1981 of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991 (hereinafter " § 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title

VII"), to redress the termination or denial of Plaintiff's employment based on her race, color, national origin, sex and in retaliation for Plaintiff's protected activity.

## II. JURSIDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

3. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates schools in this District and because substantial parts of the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES

4. At all times relevant to this complaint, Pamela D. Ferrill, ("Ms. Ferrill") was an adult citizen residing and working within Eastern Judicial District of Wisconsin.

5. At all times relevant hereto, Oak Creek-Franklin Joint School District ("the District"), was a not-for-profit school district organized and operating under the Wisconsin Statutes, located in Oak Creek, Wisconsin and employing more than fifteen (15) employees.

6. At all times relevant hereto, Oak Creek-Franklin Joint School District Board of Education (the "Board") was the managing body of the Oak Creek-Franklin Joint School District and made final decisions regarding the offering, extension and termination of Ms. Ferrill's employment contract. It consisted of five elected members.

7. The District operates Edgewood Elementary School ("Edgewood"), located at 8545 S. Shepard Ave., Oak Creek, Wisconsin.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Ms. Ferrill filed a timely Charge of Discrimination with the Wisconsin Department of Workforce Development ("DWD") and the Federal Equal Employment Opportunities Commission ("EEOC") on September 20, 2010, within 300 days after the unlawful employment practices occurred, as described herein.

9. On January 24, 2013, the EEOC issued a finding of reasonable cause to believe that the District violated Title VII of the Civil Rights Act of 1964, as amended, on the basis of Ms. Ferrill's race, color, national origin and sex and that the District retaliated against Ms. Ferrill, also in violation of Title VII of the Civil Rights Act of 1964, as amended. On April 26, 2013, the United States Department of Justice, Civil Rights Division, issued Ms. Ferrill a Notice of Right to Sue and this action is brought within 90 days after her receipt of said Notice. The April 26, 2013 Notice of Right to Sue was received by Ms. Ferrill, through her attorney, on May 3, 2013. This action is brought within ninety days of Ms. Ferrill's receipt of the Notice of Right to Sue. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit A.

## V. FACTUAL ALLEGATIONS

10. Ms. Ferrill began working for the District as the Principal of Edgewood Elementary School on or about July 1, 2008.

3

11. At the time of her hire, the District employed approximately 425 teachers and professional staff, 220 support staff, and 21 administrators.

12. Ms. Ferrill was the sole African-American employee employed by the District within Edgewood at the time of her hire.

13. The District enrolled approximately 6,016 students in 2008-2009, of which twenty-three percent (23%) were students of color.

14. In October 2008, Ms. Ferrill received a number of reports about racially-insensitive remarks being made toward minority students and one of the school buses being labeled a "ghetto bus."

15. Ms. Ferrill addressed the racial remarks and the "ghetto bus" comment with the staff at Edgewood, but lingering racial tensions continued to exist between faculty, students, and the administration.

16. Following the October 2008 incidents, Edgewood staff began a pattern of accusing Ms. Ferrill of inappropriately attributing racial issues into Edgewood problems, issues and conflict.

17. The District, through its administrators, attempted to discredit Ms. Ferrill before her staff, creating mistrust and division among Edgewood's teachers.

18. One such occasion occurred on November 19, 2009, when the Superintendent, Sara Burmeister, accused Ms. Ferrill of refusing to meet with two white teachers, even though Ms. Ferrill had already arranged a meeting with the two individuals. Burmeister acted solely on the statements of an out-of-school union

4

representative who was not present and did not witness any of the events comprising Burmeister's complaint.

19. Superintendent Burmeister insisted that Ms. Ferrill had intentionally refused to meet with one white teacher even though the teacher confirmed that Ms. Ferrill had indeed requested and scheduled a meeting to discuss placement of a student-teacher at Edgewood. Burmeister refused to give credence to Ms. Ferrill's statements regarding the meeting, even though she had no basis for such a refusal.

20. Despite confirmation from Ms. Ferrill and one of the teachers directly involved that Ms. Ferrill had, in fact, scheduled the meeting, Superintendent Burmeister placed Ms. Ferrill on a performance improvement plan after a November 23, 2009 meeting between Ms. Ferrill and Burmeister.

21. The performance improvement plan was largely based on inaccurate reports by staff that Superintendent Burmeister used support her insistence that Ms. Ferrill's performance was somehow deficient.

22. Fearing that her employment was in jeopardy based on factors such as her race, Ms. Ferrill hired an attorney in November, 2009 to request her personnel file in an effort to evaluate her employment rights and remedies.

23. Ms. Ferrill's counsel requested her personnel file on December 21, 2009.

24. On December 14, 2009, Ms. Ferrill was the subject of a report to the Defendant Board calling into question her work performance.

5

25. Ms. Ferrill had requested flexibility in scheduling a meeting to discuss the ongoing disputes with Burmeister to allow Ms. Ferrill to arrange for a companion to join her. The District refused to be flexible so Ms. Ferill arranged for legal counsel to join her. Ms. Ferrill and her attorney requested the ability to audio record the meeting but the District refused. Later, the District produced a letter that it claimed memorialized the meeting but it was inaccurate.

26. On January 20, 2010, Ms. Ferrill delivered a letter to the Defendant Board, in which she detailed a series of racial issues and concerns that had not been properly addressed by the District.

27. On January 21, 2010, the District directed Ms. Ferrill to leave Edgewood immediately while it investigated alleged incidents of Ms. Ferrill's misconduct, described by the District as "conduct that may be detrimental to the interests of the District."

28. The District informed Edgewood's students' parents that Ms. Ferrill was being investigated for conduct detrimental to the District though no such conduct was ever detailed and communicated to Ms. Ferrill, the parents or Edgewood staff. The District failed to explain that Ms. Ferrill had been placed on leave *with pay* and that she was prohibited from having any contact with District staff, students' parents or the Board.

29. The District, through its Human Resources Director, contacted local law enforcement and requested extra patrolling on school grounds in an apparent

belief that Ms. Ferrill could potentially act out in a violent or aggressive manner following her suspension.

30. Correspondence from the District's attorney immediately following her suspension indicated that Ms. Ferrill's January 20, 2010, letter to the Board formed the basis of her discipline.

31. The District terminated Ms. Ferrill's health and dental insurance coverage, effective June 30, 2010 and her pay, effective July 1, 2010. The District failed to provide Ms. Ferrill notice of termination of her insurance benefits. The Board terminated Ms. Ferrill's employment contract on August 30, 2010.

## VI. CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S RIGHTS AS GUARANTEED BY 42 U.S.C. § 1981

32. Ms. Ferrill realleges and incorporates the allegations contained in paragraphs 1-31, above.

33. The District violated Ms. Ferrill's right to be free from discrimination in the terms and conditions of employment – that is, the making, enforcement and execution of a contractual relationship - on the basis of her race secured to her by § 1981 of the Civil Rights Act of 1866 as amended when she was terminated or denied employment.

34. Ms. Ferrill sustained lost wages and benefits, mental and emotional distress and lost future earning capacity as a result of the District's unlawful conduct.

35. The acts of the District herein alleged were carried out maliciously or with reckless disregard for Ms. Ferrill's rights.

### VII. CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S RIGHTS AS GUARANTEED BY TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Ms. Ferrill realleges and reincorporates the allegations contained in paragraphs 1-35 above.

37. The District violated Ms. Ferrill's right to be free from discrimination in the terms and conditions of her employment on the basis of her race, color, national origin and sex as guaranteed by Title VII of the Civil Rights Act of 1964.

38. The District violated Ms. Ferrill's right to be free from discrimination as guaranteed by Title VII of the Civil Rights Act of 1964 when it retaliated against her for the exercise of her right to be free from discrimination and to oppose discrimination.

### VIII: CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH

39. Ms. Ferrill realleges and incorporates the allegations contained in paragarphs 1-38, above.

40. By taking action against Ms. Ferrill because of her statements made to the Defendant Board, and made outside of her official responsibilities as a public employee, Defendants violated Ms. Ferrill's right to free speech and expression as guaranteed by the First Amendment to the Constitution of the United States.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, awarding her:

A. Appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of

8

Defendant's unlawful employment practices, including but not limited to rightful reinstatement and/or front pay;

B.     Compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation to be determined at trial;

C.     Compensation for punitive damages for the District's malicious and reckless conduct described above in amount to be determined at trial;

D.     Grant such further relief as the Court deems necessary and proper in the public interest; and

E.     An award of reasonable attorney's fees.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all questions of fact and law raised by her complaint.

9

Submitted this 28th day of July, 2013.

                              **HAWKS QUINDEL, S.C.**
                              Attorneys for the Plaintiff

                              /s/ Nicholas E. Fairweather
                              Nicholas E. Fairweather
                              WI State Bar Number: 1036681
                              Colin B. Good
                              WI State Bar Number: 1061355

222 W. Washington Ave., Ste. 450
P.O. Box 2155
Madison, WI 53701-2155
Tel.: (608) 257-0040
Fax: (608) 256-0236

nfairweather@hq-law.com
cgood@hq-law.com



U.S. Department of Justice

Civil Rights Division

TEP:KDW:KLF:jw
DJ 170-23-0

Employment Litigation Section - PHB
950 Pennsylvania Avenue, NW
Washington, DC 20530
www.usdoj.gov/crt/emp

APR 2 6 2013

RECEIVED MAY 03 2013 BY:

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 2018 6453
RETURN RECEIPT REQUESTED

Ms. Pamela Ferrill
c/o Arthur Heitzer, Esquire
Law Office of Arthur Heitzer
633 West Wisconsin Ave, #1410
Milwaukee, WI 53203

        Re:    Pamela Ferrill v. Oak Creek-Franklin School
              District, EEOC Charge No. 443-2010-01965

Dear Ms. Ferrill:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    We are returning the files in this matter to EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: John P. Rowe, Director, EEOC, 500 W. Madison St., Ste. 2000, Chicago, IL 60661.

                        Sincerely,

                        Thomas E. Perez
                      Assistant Attorney General
                      Civil Rights Division

        By:                 /s/
                      Karen D. Woodard
                      Deputy Chief
                      Employment Litigation Section

cc:    Ms. Pamela Ferrill
       Oak Creek-Franklin School District
       Oyvind Wistrom, Esquire
       EEOC, Chicago District Office

**EXHIBIT A**